**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHAOHUA CHANG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-71456

Agency No. A089-747-808

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2019[**]
Pasadena, California

Before:  RAWLINSON, IKUTA, and BADE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Shaohua Chang petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying her claim for asylum.[1] We have jurisdiction under 8 U.S.C. § 1252.

The BIA's determination that Chang did not testify credibly is supported by substantial evidence. Chang's testimony that she was introduced to Christianity in 2005, was inconsistent with her son's testimony, which indicated that Chang had been a practicing Christian over ten years earlier. This inconsistency was not minor, *cf. Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011); rather, it undercut Chang's testimony that she was introduced to Christianity as a result of unemployment and was persecuted shortly thereafter. Moreover, the IJ's conclusion that Chang's "explosive" interruption of her son's testimony weighed against her credibility is entitled to particular deference because it is an assessment of Chang's demeanor. *See Ling Huang v. Holder*, 744 F.3d 1149, 1153–54 (9th Cir. 2014). Further, the IJ's and BIA's adverse credibility determination was also supported by the lack of detail in Chang's testimony regarding her prior abortion

---

[1] Because Chang did not challenge the IJ's denials of withholding of removal and protection under the Convention Against Torture (CAT) in her appeal to the BIA, these claims were not exhausted, and we lack jurisdiction to address them here. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

and her inability to recall important dates in her life. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Finally, the IJ was not required to afford Chang an opportunity to provide additional corroborative evidence because the IJ determined that Chang's testimony was not credible. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017); *Ren*, 648 F.3d at 1091–92.

Without Chang's credible testimony, there is insufficient evidence in the record for Chang to meet her burden of proving eligibility for asylum.

**PETITION DENIED.**